**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:

COLON RIVERA, ERNESTO
Debtor(s)

Case No. _____

Chapter **13**

## CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☐ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: **12/15/2015**
☐ PRE ☐ POST-CONFIRMATION

☐ AMENDED PLAN DATED: _____
Filed by: ☐ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$ **550.00** x **60** = $ **33,000.00**
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____
$ _____ x _____ = $ _____

TOTAL: $ **33,000.00**

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$ _____ x _____ = $ _____

PROPOSED BASE: $ **33,000.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ **2,500.00**

Signed: /s/ _____
Debtor

_____
Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ___ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
2. ☑ Trustee pays IN FULL Secured Claims:
Cr. **Td Auto Finance** Cr. _____ Cr. _____
# **1100348236** # _____ # _____
$ **8,574.00** $ _____ $ _____
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:
_____
5. ☐ Other:
_____
6. ☑ Debtor otherwise maintains regular payments directly to:
**Dalia Ramos Izquierdo;Iris J. Santos Correa(ASUME)**
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law.
11 U.S.C. § 507 and § 1322(a)(2) **Iris J. Santos $3,692.00 Carmen Corre**
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims. **Alamo**
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____ **$1,836.0**
☐ Paid 100% / ☐ Other: _____
Cr. _____ Cr. _____ Cr. _____
# _____ # _____ # _____
$ _____ $ _____ $ _____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
**See Continuation Sheet**

Attorney for Debtor **BUFETE LEGAL ZENO GLORO, LLC** _____ Phone: **(787) 879-1760**

CHAPTER 13 PAYMENT PLAN

IN RE COLON RIVERA, ERNESTO _____ Case No. _____
                              Debtor(s)

## CHAPTER 13 PAYMENT PLAN
### Continuation Sheet - Page 1 of 2

| | Cr | # | $ |
|---|---|---|---|

Executory Contracts - Assumed:    **EDRIC HERNANDEZ**

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

IN RE COLON RIVERA, ERNESTO _____ Case No. _____

Debtor(s)

## CHAPTER 13 PAYMENT PLAN
Continuation Sheet - Page 2 of 2

TRUSTEE WILL PAY ATTORNEY'S FEES BEFORE ANY SECURED CLAIM AND AFTER ADEQUATE PROTECTION PAYMENTS OF $150.00 MONTHLY TO TD AUTO FINANCE UNTIL CONFIRMATION OF THE PLAN.

DEBTOR WILL PROVIDE INSURANCE COVERAGE TO TD AUTO FINANCE AFTER MATURITY DATE THROUGH EASTERN AMERICAN INSURANCE CO. PAYMENT TO EASTERN AMERICAN INSURANCE CO SHALL BE MADE DIRECTLY BY TRUSTEE THROUGH THE PLAN.

TAX REFUNDS WILL BE DEVOTED EACH YEAR, AS PERIODIC PAYMENTS TO THE PLAN'S FUNDING UNTIL PLAN COMPLETION, THE TENDER OF SUCH PAYMENTS SHALL DEEM THE PLAN MODIFIED BY SUCH AMOUNT, INCREASING THE BASE THEREBY WITHOUT THE NEED OF FURTHER NOTICE, HEARING OF COURT ORDER. IF NEED BE FOR THE USE BY DEBTOR(S) OF A PORTION OF SUCH REFUND, DEBTOR(S) SHALL SEEK COURT'S AUTHORIZATION PRIOR TO ANY USE OF FUNDS.

ANY SECURED / PRIORITY OR UNSECURED CO-DEBTOR CLAIM PROVIDED FOR THROUGH THE PLAN SHALL BE PAID IN THE AMOUNT STATED IN SUCH CLAIM AS FILED NOTWITHSTANDING THE AMOUNT STATED IN THE PLAN, EXCEPT WHEN AN OBJECTION TO ANY SUCH CLAIM AS FILED.

DEBTOR AGREES TO LIF THE STAY IN FAVOR OF NAVY FEDERAL CREDIT UNION (ACC. 43001485772151). TRUSTEE SHALL NOT DISTRIBUTE FUNDS TO NAVY FEDERAL CREDIT UNION AS SECURED CREDITOR IN THIS CASE, WITHOUT PREJUDICE OF THIS CREDITOR FILING AN UNSECURED CLAIM BY ANY DEFICIENCY.